Okera J. KIRK, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 11–3337.

United States Court of Appeals,
Sixth Circuit.

July 27, 2012.

Before: SUTTON, GRIFFIN and
WHITE, Circuit Judges.

PER CURIAM.

Okera Kirk pled guilty in November
2005 to being a felon in possession of a
firearm. 18 U.S.C. § 922(g)(1). After de-
termining that his prior felony convictions
qualified him for an enhanced sentence
under the Armed Career Criminal Act, 18
U.S.C. § 924(e)(1), the district court sen-
tenced Kirk to 190 months in prison. R.
31 at 9. Kirk later moved to vacate his
sentence under 28 U.S.C. § 2255, asserting
ineffective assistance of both trial and ap-
pellate counsel based on their failure to
challenge his being sentenced as an armed
career offender. The district court denied
Kirk's motion. R. 46.

The government acknowledges that in-
tervening case law makes clear that Kirk's
aggravated-vehicular-assault conviction
does not qualify as a "violent felony" be-
cause the relevant state statute punished
conduct that was merely reckless. Gov't
Br. at 21–22; see Begay v. United States,
553 U.S. 137, 144–45, 128 S.Ct. 1581, 170
L.Ed.2d 490 (2008); United States v.
McMurray, 653 F.3d 367, 375 (6th Cir.
2011). The government therefore con-
cedes that Kirk has only two qualifying
ACCA predicates and urges us to remand
the case so the district court may impose a
non-enhanced sentence. Gov't Br. at 22.

We may vacate Kirk's sentence under 28
U.S.C. § 2255 based on this statutory er-
ror only if it resulted in a "miscarriage of
justice." Davis v. United States, 417 U.S.
333, 345–46, 94 S.Ct. 2298, 41 L.Ed.2d 109
(1974). As a result of his erroneous classi-
fication as an armed career criminal, Kirk
received a sentence of 190 months, well
above the 120–month statutory maximum
that would otherwise apply to his felon-in-
possession conviction. 18 U.S.C.
§ 924(a)(2). This sentence—one "that the
law cannot impose upon [Kirk]"—undoubt-
edly represents a miscarriage of justice,
making relief under § 2255 appropriate.
United States v. Shipp, 589 F.3d 1084,
1091 (10th Cir.2009); see Narvaez v. Unit-
ed States, 674 F.3d 621, 628–29 (7th Cir.
2011).

Because we resolve the case on statuto-
ry grounds, we do not reach Kirk's alter-
native argument that his attorney provided
constitutionally ineffective assistance by
failing to object to the ACCA enhancement
at sentencing.

For these reasons, we reverse the dis-
trict court's judgment and remand for fur-
ther proceedings.